UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD EVANOFF, | ) | CASE NO. 1:07-CV-00631 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | |
| COMPANY, et al., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

This matter is before the Court upon Defendant The Standard Fire Insurance Company's Motion for Partial Dismissal of Plaintiff's Complaint With Prejudice Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and Motion to Quash Jury Demand pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure. ECF Dkt. #12. For the following reasons, the Court GRANTS The Standard Fire Insurance Company's Motions.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Congress enacted the National Flood Insurance Act ("NFIA") or (the "Act"), 42 U.S.C. § 4001, et seq., to provide a unified national program to reduce and avoid losses due to flood by making reasonably priced flood insurance available for residential and commercial properties. *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). The Federal Emergency Management Administration ("FEMA") administers the NFIA, and FEMA created the "Write Your Own" ("WYO") program, which authorizes private insurance companies to issue a Standard Flood Insurance Policy ("SFIP"). *Id*. FEMA regulations specify the content of the SFIP. *See* 44 C.F.R. Pt. 61, App. A (1) (2006).

-1-

On August 20, 2004, Plaintiff Donald Evanoff ("Plaintiff") purchased a SFIP in accordance with the NFIA, from The Standard Fire Insurance Company, a WYO insurance company.  Plaintiff's Complaint, ECF Dkt. #1, Exhibit A, ¶ 4.  In August of 2005, Plaintiff renewed his SFIP for another one year term.  *Id*. at ¶ 5.  On June 22, 2006, excessive rain and water runoff flooded Plaintiff's property, a condominium residence at 5200 Royalton Road, causing extensive damage.  *Id*. at ¶ 6.  Plaintiff immediately reported the loss to the insurance company. *Id.* at ¶ 7.  On  July 25, 2006, The Standard Fire Insurance Company sent a letter to Plaintiff denying the insurance claim. *Id*. at ¶ 12.

On January 19, 2007, Plaintiff filed a Complaint against The Standard Fire Insurance Company and Readyclean, Inc.  in the Court of Common Pleas of Cuyahoga County.  ECF Dkt. #1, Exhibit A.  On March 2, 2007, Defendants removed the action to the United States District Court for the Northern District of Ohio.  ECF Dkt. #1.   On March 29, 2007, The Standard Fire Insurance Company filed the instant Motion for Partial Dismissal of Plaintiff's Complaint with Prejudice Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Quash Jury Demand Pursuant to Federal Rule of Civil Procedure 39(a)(2), and accompanying Memorandum in Support.  ECF Dkt. #12-13.  On April 6, 2006, The Standard Fire Insurance Company filed its Answer to Complaint.  ECF Dkt. #16.  On April 2, 2007, Readyclean filed its Answer to Complaint and Counterclaim.  ECF Dkt. #14.  On April 12, 2006 Plaintiff filed an Objection to the Motion to Dismiss and Motion to Quash Jury Demand.  ECF Dkt. #21.  On April 16, 2006, the parties consented to the jurisdiction of the Magistrate Judge.  ECF Dkt. #23.  On April 17, 2006 The Standard Fire Insurance Company (hereinafter "Defendant") filed a Reply Brief in Support of its Motion for Partial Dismissal.  ECF Dkt. #24.

## II.     STANDARD OF REVIEW

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all allegations contained in the plaintiff's complaint as true and construes the complaint "liberally in favor of the party opposing the motion." *Id*. at 377. However, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). In *Scheuer v. Rhodes*, the U.S. Supreme Court explained:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer*, 416 U.S. 232, 236 (1974). "When reviewing a motion to dismiss, the court should not weigh the evidence or evaluate the credibility of witnesses." *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). Instead, "the court should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Conley,* 355 U.S. at 45-46.

## III.    LAW AND ANALYSIS

Defendant moves for dismissal of Count II of the Complaint, as well as Plaintiff's prayer for punitive damages and attorneys' fees, and moves to quash the jury demand. ECF Dkt. #12. The undersigned will address each issue in turn.

**A.    MOTION FOR PARTIAL DISMISSAL**

Defendant moves to dismiss Count II of Plaintiff's Complaint, which alleges "bad faith breach of insurance contract." ECF Dkt. #12. Defendant argues that the NFIA preempts Plaintiff's bad faith claims, punitive damages, and attorneys' fees because they are creations of state law, and the NFIA preempts state law claims. *Id*. Federal courts have exclusive subject matter jurisdiction over NFIA suits arising out of a disputed flood insurance claim, based on 42 U.S.C. § 4072, even where a WYO is defendant. *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 947. (6th Cir. 2002).

There are three types of preemption under the Supremacy Clause of the Constitution: express, field, and conflict preemption. *English v. General Electric Co.*, 496 U.S. 72, 78 (1990). This court finds that the NFIA preempts Count II of Plaintiff's Complaint and the demands for punitive damages and attorneys' fees as a matter of express preemption, as well as conflict preemption.

**1.    EXPRESS PREEMPTION**

Plaintiff argues that the NFIA does not expressly preempt Plaintiff's state law claims because § 4072 of the NFIA does not contain language of express preemption. ECF Dkt. #21. However, in 2000, FEMA added a provision to the regulations that govern SFIPs, which expressly preempts state law claims. That provision, which is included in Plaintiff's SFIP under the heading "What Law Governs," provides that:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal Common Law.

44 C.F.R. Pt. 61, App. A(1), IX (2006); ECF Dkt. #1, Exhibit A (Plaintiff's SFIP).

Courts have held that the above provision is an express preemption of state law. *See Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341, 345 (5th Cir. 2005); *Moffett v. Computer Sciences Corp.*, 457 F. Supp. 2d 571, 575 (D. Md. 2006); *Oaks v. Allstate Ins. Co.*, 2006 WL 3328179 at *4 (E.D. Ky. Nov. 14, 2006); *Gibson*, 289 F.3d at 955 (Moore, J., dissenting) (noting in dicta that FEMA promulgated the addition to the SFIP in order to expressly preempt state law claims). For instance, in *Gallup*, the plaintiffs purchased SFIPs in 2002 and 2003. *Gallup,* 434 F.3d at 343. In December of 2003, the plaintiffs filed suit against the Omaha insurance company and included claims for bad faith breach of contract and bad faith adjustment under Louisiana civil code. *Id*. The defendants argued that the plaintiffs' claims were expressly preempted based on the 2000 regulation added to the SFIP. *Id*. The Fifth Circuit held that the Act gave FEMA authority to promulgate regulations and that the regulation was valid as an express preemption. *Id.* at 345.

Here, Plaintiff purchased his SFIP in August 2004 and subsequently renewed it in August of 2005. Plaintiff's SFIP is subject to the 2000 express preemption provision because Plaintiff purchased it after the provision became effective on December 31, 2000. *See Gibson*, 289 F.3d at 955 (Moore. J, dissenting). Defendant contends, and Plaintiff does not deny, that the claim of bad faith breach of insurance contract is a state law claim. ECF Dkt. #13 at 5. Thus, the SFIP provision expressly preempts Plaintiff's state law claim of bad faith breach of insurance contract.

**2.      CONFLICT PREEMPTION**

Conflict preemption applies if the state law actually conflicts with federal law, which happens when "compliance with both federal and state regulations is a physical impossibility" or

-5-

when a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gibson,* 289 F.3d at 949 (quoting *Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-143, (1963) and *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)).

Plaintiff argues that the claim for bad faith breach of contract is a tort claim unrelated to the interpretation of the SFIP. ECF Dkt. #21 at 9. However, the Sixth Circuit found in *Gibson* that the issue was whether the state law claims were related to the handling and disposition of the insurance claim, and not whether the claim sounded in tort or contract. *See Gibson,* 289 F.3d at 949.[1]

In *Gibson*, the plaintiffs were insured under the pre-2000 SFIP, which did not contain the express preemption provision. *Id*. at 955. The plaintiffs filed an action in Kentucky state court, which was later removed to federal court. *Id*. at 945. The Court found that the plaintiffs' claims for refusing to pay the claim, failing to affirm coverage, and not attempting a good faith settlement were regarding the defendant's handling of the insurance claim under the SFIP. *Id.* at 949. Accordingly, the claims were governed by federal law and thus preempted. *Id.* at 950; *see also Novikov v. Allstate Ins. Co.,* 2001 WL 880852 *4 (E.D. Cal. July 11, 2001) (holding NFIA preempted state law claims as a matter of conflict preemption because WYO insurers have no financial incentive to deny claims and thus there is no legitimate risk of bad faith in the handling of claims and applicability of state law would frustrate the objectives of the NFIA). Moreover, a state tort claim intimately related to the disallowance of an insurance claim is essentially a contractual

---

[1] While the Sixth Circuit did not expressly state whether it was applying conflict or field preemption, *Gibson* has been cited as an application of conflict preemption. *See Moffett*, 457 F.Supp. 2d at 581. Moreover, conflict preemption analysis is narrower and clearer than field preemption. *C.E.R. v. The Aetna Cas. Ins. And Surety Co.*, 386 F.3d 263, 269 (3rd Cir. 1988).

claim. *Moffett,* 457 F. Supp. 2d at 583 (quoting *C.E.R.*, 386 F.3d at 272).

Here, the claim of bad faith breach of insurance contract is similar to the claim asserted in *Gibson* for failure to reach agreement in good faith. Plaintiff's claim of bad faith breach of insurance contract is intimately related to the WYO's disallowance of Plaintiff's insurance claim because Plaintiff, in essence, is filing suit due to the non-payment of his insurance claim. Thus, the reasoning in *Gibson* is controlling in this case. Even though Plaintiff argues that the WYOs have incentive to deny claims, courts have not found this to be the case. *Novikov*, 2001 WL 880852 *4; *see also Peal v. North Carolina Farm Bureau Mut. Ins. Co.*, *Inc.*, 212 F. Supp. 2d 508, 513 (E.D.N.C. 2002) (noting that WYO's profit is greater the higher the amount of the claim paid, so there is no incentive to deny claims). Moreover, WYOs receive a 3.3% commission on each claim that they pay. *Sherz v. South Carolina Ins. Co.,*, 112 F. Supp. 2d 1000, 1004 (C.D. Cal. 2000) (citing 44 C.F.R. Pt. 62, App. A, Art. III(C)(1)). In this case, Plaintiff's Count II for bad faith breach of insurance contract is related to the handling and disposition of the insurance claim. Accordingly, Count II is preempted as a matter of conflict preemption.

### B.    ATTORNEYS' FEES AND PUNITIVE DAMAGES

Defendant also moves for the dismissal of Plaintiff's prayer for punitive damages and attorneys' fees. ECF Dkt. #12. The Complaint includes claims for attorneys' fees and punitive damages in reference to Counts I and II of Plaintiff's Complaint.[2] Count II is the aforementioned state law claim of bad faith breach of insurance contract. As such, attorneys' fees and punitive damages are also related to the handling and disposition of the claims and preempted by the NFIA

---

[2]Although Defendant refers to paragraphs 1 and 2 of the Complaint's "Wherefore" clause, Defendant has moved for dismissal of Count II only. Thus, the Court will only consider these remedies in relation to Count II.

under *Gibson*. Further, no provision within the NFIA allows for awarding of punitive damages and attorneys' fees and thus awarding punitive damages and attorneys' fees would defeat the purpose of the NFIA. *See 3068 Sounds Ave. Condominium Ass'n v. South Carolina Ins. Co.*, 58 F. Supp. 2d 499, 502 (D.N.J. 1999); *see also Durkin v. State Farm Mut. Ins. Co.*, 3 F. Supp. 2d 724, 729 (E.D. La. 1997) (holding that damages are limited to those specifically contemplated by the SFIP); *see also Messa v. Omaha Property & Cas. Ins. Co.*, 122 F. Supp. 2d 513, 523 (D.N.J. 2000) (holding that plaintiffs were not allowed to receive punitive damages or attorneys' fees for alleged bad faith in the claims handling process because federal law did not provide for those types of remedies). Accordingly, the Court strikes the prayer for punitive damages and attorneys' fees in relation to Count II.

### C.     MOTION TO QUASH JURY DEMAND

Defendant moves to quash Plaintiff's demand for a jury trial. ECF Dkt. #12. Plaintiff's Objection to the Motion to Dismiss and Motion to Quash Jury Demand does not address Defendant's Motion to Quash Jury Demand. *See* ECF Dkt. #21. When trial by jury has been demanded, a trial shall be by jury "unless a court upon motion or on its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed.R.Civ.P. 39(a)(2).

In actions against the Federal government, a plaintiff has no right to a trial by jury unless Congress affirmatively and unambiguously grants such a right by statute. *Lehman v. Nakshian*, 453 U.S. 156, 168 (1981). A suit against a WYO is equivalent to a suit against FEMA. *Gibson*, 289 F.3d at 947; *Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166 (3rd Cir. 1998). Congress has not explicitly granted the right to a jury trial under the NFIA, and the strict

construction of § 4072 does not allow for a jury trial. *Latz v. Gallagher*, 562 F. Supp. 690, 693 (W.D. Mich.1983), *aff'g* 550 F.Supp. 257 (W.D. Mich.1982). Accordingly, there is no right to a jury trial in this case involving the NFIA. Therefore, Plaintiff's request for a trial by jury is quashed.

### IV. CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's Motion for Partial Dismissal of Plaintiff's Complaint and Motion to Quash Jury Demand and DISMISSES Count II with prejudice. Further, Plaintiff's prayer for attorneys' fees and punitive damages in relation to Count II is also DISMISSED with prejudice, and Plaintiff's demand for a jury trial is QUASHED.

IT IS SO ORDERED.

SIGNED and ENTERED on this 29th day of May, 2007.

 s/George J. Limbert
GEORGE J. LIMBERT
United States Magistrate Judge