UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD EVANOFF, | ) | CASE NO. 1:07CV00631 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | |
| COMPANY, et al., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

This matter is before the Court upon Defendant The Standard Fire Insurance Company's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure Rule 56. ECF Dkt. # 39-40. For the following reasons, the Court GRANTS Defendant's Motion.

I.  **FACTUAL AND PROCEDURAL HISTORY**

Congress enacted the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001, et seq., to provide a unified national program to reduce and avoid losses due to floods by making reasonably priced flood insurance available for residential and commercial properties. *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946 (6th Cir. 2002). The Federal Emergency Management Administration ("FEMA") administers the NFIA, and FEMA created the "Write Your Own" ("WYO") program, which authorizes private insurance companies to issue a Standard Flood Insurance Policy ("SFIP"). *Id*. FEMA regulations specify the content of the SFIP. *See* 44 C.F.R. Pt. 61, App. A (1) (2006).

On August 20, 2004, Plaintiff Donald Evanoff ("Plaintiff") purchased a SFIP from The

Standard Fire Insurance Company ("Defendant"), a WYO insurance company. ECF Dkt. #1, Exhibit A, ¶ 4; ECF Dkt. #40, Attachment 1 ("Holmes Affidavit") at ¶3; ECF Dkt. #40, Attachment 2. In August of 2005, Plaintiff renewed his SFIP for another one year term. ECF Dkt. #1, Exhibit A, ¶ 5; Holmes Affidavit at ¶3; ECF Dkt. #40, Attachment 3. On June 22, 2006, excessive rain and water runoff flooded Plaintiff's condominium residence at 5200 Royalton Road, Unit B3, in North Royalton, Ohio ("Property"), causing extensive damage. ECF Dkt. #1, Exhibit A, ¶ 6. Plaintiff immediately reported the loss to Defendant. *Id.* at ¶ 7. Defendant then assigned an independent adjuster employed by Colonial Claims Corp., to investigate Plaintiff's flood claim. Holmes Affidavit at ¶6. The adjuster advised Defendant not to pay the claim because the flood damage was covered under the condominium association's policy. *See* ECF Dkt. #40, Attachment 5. On July 25, 2006, Defendant sent a letter to Plaintiff denying the insurance claim because "all damages incurred to your property are covered under your Condo Association policy." ECF Dkt. #42, Attachment 9.

Thereafter, on July 31, 2006, the condo association informed Plaintiff that it did not have coverage and each condo owner was required to have their own coverage.[1] ECF Dkt. #42, Attachment 9; ECF Dkt. #42, Attachment 1 ("Evanoff Affidavit") at ¶ 20-21. Plaintiff in turn, forwarded the information to his insurance agent. Based on this information Defendant reopened Plaintiff's claim, but failed to inform Plaintiff of this action. *See* Evanoff Affidavit at ¶23; Holmes Affidavit at ¶10. On or about August 1, 2006, Plaintiff, through his insurance agent, forwarded to Defendant a construction estimate in the amount of $39,752.36. ECF Dkt. #40,

---

[1] Because the Court views the record in this case in a light most favorable to Plaintiff, the non-moving party, in this motion for summary judgment, the Court will assume these facts to be true and accurate without conceding their ultimate truth.

Attachment 7. Thereafter, Plaintiff was presented with a proof of loss form in October of 2006 which contained a loss amount of $3, 440.93. *See* Evanoff Affidavit at ¶25; ECF Dkt. #40, Attachment 9. Plaintiff did not sign or submit the proof of loss. Plaintiff denies receiving a letter from Defendant indicating that it would request a waiver of the 60 day requirement for filing a proof of loss if he filed the proof of loss. *See* Evanoff Affidavit at ¶ 23.

On January 19, 2007, Plaintiff filed a Complaint against Defendant and Readyclean, Inc. in the Court of Common Pleas of Cuyahoga County. ECF Dkt. #1, Exhibit A. On March 2, 2007, Defendants removed the action to the United States District Court for the Northern District of Ohio. ECF Dkt. #1. On March 29, 2007, Defendant filed a motion for partial dismissal of Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion to quash jury demand pursuant to Federal Rule of Civil Procedure 39(a)(2), and accompanying memorandum in support. ECF Dkt. #s 12-13. On April 2, 2007, Readyclean, Inc. filed an Answer to the Complaint and Counterclaim. ECF Dkt. #14. On April 6, 2006, Defendant filed an Answer to the Complaint. ECF Dkt. #16. On April 12, 2006 Plaintiff filed an objection to the motion to dismiss and motion to quash jury demand. ECF Dkt. #21.

On April 16, 2006, the parties consented to the jurisdiction of the Magistrate Judge. ECF Dkt. #23. On April 17, 2006 Defendant filed a reply brief in support of its motion for partial dismissal. ECF Dkt. #24. On May 30, 2007, the Court granted Defendant's motion and dismissed count II of the complaint with prejudice, dismissed the prayer for attorney fees and punitive damages related to count II, and quashed the jury demand. ECF Dkt. #36.

Thereafter, on June 29, 2007, Defendant filed the instant motion for summary judgment. ECF Dkt. #39-40. On July 31, 2007, Plaintiff filed an opposition to the motion for summary

judgment. ECF Dkt. #s 41-42.

## II.     STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). In ruling on a motion for summary judgment, a court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). A court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient

evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *National Satellite Sports*, 253 F.3d at 907.

### III.  DISCUSSION

Defendant argues that Plaintiff failed to comply with the deadline of August 21, 2006 for submitting a proof of loss statement. ECF Dkt. #40. Plaintiff argues that there is a genuine issue of material fact as to whether he did submit a proof of loss and alternatively, that Defendant repudiated the contract prior to the deadline expiration. ECF Dkt. #42. For the following reasons, the Court finds that there are no facts on which a jury could reasonably conclude that either Plaintiff did submit a timely proof of loss in this case or that Plaintiff was excused from submitting the proof of loss because Defendant repudiated the contract.

Defendant presents evidence to meet its initial burden of demonstrating that there is no genuine issue of material fact as to the indisputable requirement of filing a Proof of Loss under the SFIP and that Plaintiff did not file said Proof of Loss. To begin, it is undisputed that the SFIP includes a standard requirement that the insured must file a Proof of Loss. Under the SFIP, which is identical to Plaintiff's policy, "In case of a flood loss to insured property, [Plaintiff] must ... [w]ithin 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you[.]" SFIP, Art. VII(J); 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). The SFIP also provides that "You may not sue us to recover money under this policy unless you have complied with all of the requirements of the policy." SFIP, Art. VII(R); 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). A claimant may not avoid strict enforcement of the 60 day sworn proof of loss requirement, except through a valid waiver by the Federal Insurance Administrator. *Neuser v. Hocker*, 246 F.3d 508, 511-512 (6th Cir.

2001) (citing Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d at 391-92).

When an insured has met the SFIP requirements, payments are made directly from the United States Treasury. *See* 42 U.S.C. § 4017(d)(1); *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998); *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006). In order to protect public moneys, claims against the Government are strictly construed. *Heckler v. Community Health Servs.*, 467 U.S. 51, 63 (1984); *see also* U.S. CONST. ART. I, § 9, cl. 7. Also, all persons are charged with knowledge of the rules and regulations in the Federal Register. *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 389, 384-85 (1947). Thus, according to the regulations and Plaintiff's own policy, the failure to submit a proof of loss bars recovery under the SFIP. *See* ECF Dkt. #40, Attachment 3.

Plaintiff, in response, does not dispute that a Proof of Loss is required under the SFIP, rather Plaintiff argues that he did submit all of the information required in a Proof of Loss. ECF Dkt. #41 at 6. The SFIP explains that besides a "statement of the amount you are claiming under the policy signed and sworn to by you[,]" a Proof of Loss should contain the following information:

    a.    The date and time of the loss;

    b.    A brief explanation of how the loss happened;

    c.    Your interest (for example "owner") and the interest, if any, of others in the damaged property.

    d.    Details of any other insurance that may cover the loss.

    e.    Changes in title or occupancy of the covered property during the term of the policy.

    f.    Specifications of damaged buildings and detailed repair estimates.

  g. Names of mortgagees or anyone else having a lien, charge or claim against the covered property.

  h. Details about who occupied the insured building at the time of the loss and for what purpose; and

  i. The inventory of damaged personal property[.]

SFIP, Art. VII(J); 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4). Plaintiff argues that he submitted the required information in a compilation of documents and forms. *See* ECF Dkt. #41 at 6. The SFIP explains that a proof of loss is required whether the insurance adjuster provides the form or not. *Id.* However, there is no evidence that Plaintiff ever provided a sworn statement as required byt the terms of the SFIP. *See* Evanoff Affidavit. Thus, even with the allegation that there are papers missing from the record before this Court, there is no allegation that any of those papers include a signed *and sworn* statement of the amount of loss that was claimed that had been submitted to Defendant by the cutoff date of August 21, 2006.

  Plaintiff argues that Fed. R. Civ. P. 56(f) is applicable in this case. See ECF Dkt. #41. However, Fed. R. Civ. P. 56(f) is inapplicable here, where Plaintiff was available and did submit an affidavit of "facts essential to justify [his] opposition" to the instant motion for summary judgment. *See* Fed. R. Civ. P. 56(f). Accordingly, Plaintiff has failed to meet his burden to refute Defendant's evidence that a proof of loss was not filed as required. *See Neuser v. Hocker*, 246 F.3d 508 (6th Cir. 2001) (finding that the proof of loss requirement is to be strictly enforced); *Bruinsma v. State Farm Fire & Cas. Co.*, 410 F. Supp. 2d 628, 634 (D. Mich. 2006) (explaining that federal courts overwhelmingly agree that the failure to submit a signed and sworn statement of the amount claimed within the sixty-day period divests plaintiffs from the right to sue); *Gowland v. Aetna*, 143 F.3d 951, 953-54 (5th Cir. 1998) (rejecting a claim of

substantial compliance with the SFIP requirements for a proof of loss).

Also, Plaintiff has not refuted Defendant's evidence by presenting significant, probative evidence indicating that there is a genuine issue of material fact that exists as to whether Defendant repudiated the contract. If Defendant repudiated the contract, then Plaintiff was under no obligation to file a Proof of Loss. *See Franconia Assocs. v. United States*, 536 U.S. 129, 153 L. Ed. 2d 132, 122 S. Ct. 1993 (2002) (explaining that having established a repudiation, a plaintiff may immediately sue). A repudiation is a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach. *Mobil Oil Exploration & Producing Southeast v. United States*, 530 U.S. 604, 608 (2000) (quoting the Restatement (Second) of Contracts § 250 (1979)) (internal quotations omitted). Repudiation by one party, to be sufficient in any case to entitle the other party to treat the contract as absolutely and finally broken, must at least amount to an unqualified refusal to substantially perform according to the terms of the obligation. *See Mobley v. New York Life Ins. Co.*, 295 U.S. 632, 638-639 (1935). Mere refusal, upon mistake or misunderstanding as to matters of fact to pay a claim may be sufficient to constitute a breach of that provision, but it does not amount to a repudiation of the policy**.** *Id.*

In this case, Plaintiff has presented a letter from Defendant, dated July 25, 2006, which clearly states that Defendant denied the insurance claim regarding the Property and closed the claim without payment. ECF Dkt. #42, Attachment 9. The letter specifically explains that the denial was based on the information from the adjuster "that all damages incurred to your property are covered by your Condo Association policy." *Id.* There is no indication that Defendant was cancelling the policy or that the denial of coverage was not pursuant to the terms of the SFIP.

Defendant has averred to the Court that Plaintiff's claim was reopened after it found out that the condo policy did not cover the Property. Further, Plaintiff submitted an estimate to Defendant in August which suggests that he knew the SFIP was still in place, even though he was unsure as to whether Defendant was going to ultimately agree to pay the claim. *See* ECF Dkt. #40, Attachment 7. Moreover, the letter dated October 17, 2006, indicates that Defendant did reopen Plaintiff's insurance claim, despite the initial denial, because the claim was going to be denied for a second time due to lack of a Proof of Loss. *See* ECF Dkt. #40, Attachment 10. This evidences Defendant's intent to follow the terms of the SFIP, including the requirement of filing a signed and sworn proof of loss. Even if Plaintiff did not receive this letter as he alleges, the original denial letter dated July 25, 2006, is insufficient to prove a repudiation as a matter of law.

Accordingly, the Court GRANTS summary judgment to Defendant.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment and DISMISSES the Complaint with prejudice at Plaintiff's cost. ECF Dkt. #39-40.


Dated: August 21, 2007                         *s/George J. Limbert*
                                               GEORGE J. LIMBERT
                                               U.S. MAGISTRATE JUDGE